IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW DOW GOMEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-01584-B (BT) |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Matthew Dow Gomez filed a *pro se* civil complaint against the FBI, the Farmers Branch Police Department, the Arlington Police Department, Redding Church, and Aladdin Bail Bonds. The Court granted him leave to proceed *in forma pauperis*, but withheld issuing process pending judicial screening. For the following reasons, the Court should dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B).

I.

Gomez states in his complaint that, since before 2017, his "private life has been put on display by law enforcement" and that his privacy has been violated by a "'ghost' entity with great powers from state-to-state and from city-to-city, and from one employer to another employer, harassed and hated. They know all about me but I know nothing of them, it's the FBI and local law enforcement." Compl. 1

1

(ECF No. 3). He claims defendants have access to his phone and can track his "every move." *Id*. at 3. He also claims defendants hacked the pin number from his phone so they could watch him inside his home, and that defendants seem to have the ability to read his mind. He seeks a meeting with the FBI, money damages, and a copy of the surveillance obtained by defendants.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or wholly incredible." *Id*. at 33.

Courts must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even under the most liberal construction, Gomez's allegations describe irrational or wholly incredible claims against defendants. Gomez's complaint should therefore be dismissed as frivolous.

III.

The Court should dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

Signed August 10, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).